# UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

| | | |
|---|---|---|
| In re Traffic Information, LLC | ) | |
| Reexamination No. 90/011,600 | ) | |
| Filed: March 25, 2011 | ) | Appeal No. 2014- |
| For: System and Providing Traffic Information | ) | |

### NOTICE FORWARDING CERTIFIED LIST

A Notice of Appeal to the United States Court of Appeals for the Federal Circuit was

timely filed on March 12, 2014, in the United States Patent and Trademark Office in connection

with the above-identified reexamination proceedings. Under 35 U.S.C. § 143 and Fed. Cir. R.

17(b)(1), a Certified List is being forwarded to the United States Court of Appeals for the

Federal Circuit.

A copy of the Certified List is also this day being forwarded to Appellant in an enveloped

addressed as follows:

> Bruce W. DeKock
> 1600 ODS Tower
> 601 SW Second Avenue
> Portland, OR 97204

In addition, a copy of the Certified List is this day being forwarded to the third-party re-

examination requestor addressed as follows:

> Baker & Hostetler LLP
> 1050 Connecticut Avenue, N.W.
> Washington, D.C. 20036-53048

If copies of the Notice of Appeal and the filing fee of $500.00 have not been filed with

the Court, Appellant is reminded that copies of the notice and filing fee should be promptly filed

with the Court. The mailing address of the Court is:

U.S. Court of Appeals for the
Federal Circuit
717 Madison Place, NW
Washington, DC 20439

Associate Solicitors Amy J. Nelson and Michael S. Forman are assigned to represent the

Director in this appeal.  Counsel for Appellant should contact Associate Solicitors Nelson or

Forman at 571-272-9035 to arrange for designating the record pursuant to Fed. Cir. R. 30.  All

papers to be served on the Solicitor in connection with this appeal shall be delivered as follows:

|  |  |
|---|---|
| By hand to: | Office of the Solicitor<br>Madison West<br>600 Dulany Street, Room 08C43A<br>Alexandria, VA |
| By mail to: | Office of the Solicitor<br>Mail Stop 8<br>P.O. Box 1450<br>Alexandria, VA 22313 |

Respectfully submitted,

Michelle Lee
Deputy Under Secretary of Commerce for
Intellectual Property and Deputy Director of the
United States Patent and Trademark Office

Date:  April 21, 2014          By:   /s/ Tawana A. Hawkins
                               Tawana A. Hawkins
                               Paralegal Specialist
                               Office of the Solicitor
                               Mail Stop 8
                               P.O. Box 1450
                               Alexandria, VA  22313
                               571-272-9035

**CERTIFICATE OF SERVICE**

I hereby certify that on April 21, 2014, I electronically filed the foregoing CERTIFIED

LIST with the Court's CM/ECF filing system, which constitutes service, pursuant to Fed. R.

App. P. 25(c)(2), Fed. Cir. R. 25(a), and the Court's Administrative Order Regarding Electronic

Case Filing 6(A) (May 17, 2012), to all registered CM/ECF users.


　　　　　　　　　　　　　　　 /s/ Tawana A. Hawkins
　　　　　　　　　　　　　　　Tawana A. Hawkins
　　　　　　　　　　　　　　　Paralegal Specialist

Form PTO 55 (12-80)

# U.S. DEPARTMENT OF COMMERCE
## United States Patent and Trademark Office

April 21, 2014
(Date)

**THIS IS TO CERTIFY** that the attached document is a list of the contents from the electronic file of the Patent Reexamination Proceeding identified below, said contents comprising the record before the United States Patent and Trademark Office for the Reexamination Proceeding.

**Requester(s): Baker & Hostetler LLP**

**Patent Owner(s): Bruce W. DeKock, Kevin L. Russell, and Richard J. Qian**

**Reexamination No: 90/011,600**

**Filed: March 25, 2011**

**Title of Invention:    SYSTEM FOR PROVIDING TRAFFIC INFORMATION**

By authority of the
**DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE**

Yawana A. Hawkins

*Certifying Officer*



### Prosecution History of Reexamination No. 90/011,600
### In re Traffic Information, LLC

| DOCUMENT | DATE |
|---|---|
| Request for *Ex Parte* Reexamination | 03/25/2011 |
| Notice of Failure to Comply | 04/04/2011 |
| Response to Notice of Failure to Comply | 05/04/2011 |
| Notice of Reexamination Request Filing Date and Notice of Assignment of Reexamination Request | 05/13/2011 |
| Litigation Search Report | 05/17/2011 |
| Examiner Interview Summary | 05/18/2011 |
| Information Disclosure Statement ("IDS") | 07/18/2011 |
| Supplemental IDS | 07/19/2011 |
| Order Granting Request for *Ex Parte* Reexamination | 07/20/2011 |
| Supplemental IDS | 08/24/2011 |
| Non-Final Office Action | 09/30/2011 |
| Supplemental IDS | 10/04/2011 |
| Response to Non-Final Office Action | 11/21/2011 |
| Supplemental IDS | 12/22/2011 |
| Supplemental IDS | 12/23/2011 |
| Litigation Search Report | 01/19/2012 |
| Supplemental IDS | 01/25/2012 |
| Final Office Action | 01/26/2012 |
| Notice of Appeal to the Patent Trial and Appeal Board ("PTAB") | 03/21/2012 |
| Supplemental IDS | 04/13/2012 |
| Patent Owner's Appeal Brief | 05/21/2012 |
| Examiner's Answer and Communication re: Consideration of IDSs | 09/28/2012 |
| Request for Updated Examiner's Answer | 10/12/2012 |
| Complete Examiner's Answer | 11/15/2012 |
| Patent Owner's Reply Brief | 01/04/2013 |
| PTAB's Docketing Notice | 02/13/2013 |
| PTAB Decision Affirming the Examiner | 05/30/2013 |
| Patent Owner's Request For Reconsideration | 07/26/2013 |
| Change of Address and Patent Owner's Request For Reconsideration | 07/29/2013 |
| PTAB Decision Denying Reconsideration | 01/13/2014 |
| Notice of Appeal to U.S. Court of Appeals for the Federal Circuit | 03/12/2014 |

Customer No. 00152
Attorney Docket No. TI-CAFC

### IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re *Ex Parte* Reexamination of: | Control No.: 90/011,600 |
| DeKock at al. | Art Unit: 3992 |
| U.S. Patent No. 6,466,862 | Examiner: Karin M. Reichle |
| Issued: October 15, 2002 | Confirmation No.: 5451 |
| For:    SYSTEM FOR PROVIDING TRAFFIC INFORMATION | |

Director of the United States
Patent and Trademark Office
**ATTN: Office of the General Counsel**
P.O. Box 1450
Alexandria, VA  22313-1450

### NOTICE OF APPEAL TO THE UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

Dear Commissioner:

Traffic Information, LLC appeals the Decision on Appeal mailed May 30, 2013 and the subsequent Decision on Request for Reconsideration mailed January 13, 2014 by the Board of Patent Appeals and Interferences in Appeal No. 2013-004302 involving the above-referenced reexamination proceeding.

This Notice of Appeal complies with the time limits prescribed by 37 C.F.R. § 1.304(a)(1) because it is being filed within two months of the Decision on Request for Reconsideration.  Copies of both the Decision on Appeal and Decision on Request for Reconsideration are attached.

1

Pursuant to 37 C.F.R. § 1.301 and Federal Circuit Rule 15(a)(1), three copies of this notice of appeal and the $500.00 fee required by 28 U.S.C. § 1913 and Federal Circuit Rule 52(a)(3)(A) are being filed today in the Court of Appeals for the Federal Circuit.

If there is any other fee due in connection with the filing of this paper, please charge the fee to Deposit Account 03-1550.

Respectfully submitted,

Dated: March 12, 2014                    By: _____

Kevin L. Russell
Reg. No. 38,292
Chernoff, Vilhauer et al.
Attorney for Patent Owner

### Certificate of Express Mailing
### Under 37 C.F.R. § 1.10

I hereby certify that this correspondence is being deposited with the U.S. Postal Service, in an envelope with appropriate postage affixed, addressed to:

Mail Stop 8
Director of the U.S. Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450

as "Express Mail Post Office to Addressee" (Express Mail No. EV 3 0 7 2 7 0 2 2 1  US) on March 12, 2014.

Kevin L. Russell

## Certificate of Service

In accordance with 37 C.F.R. § 1.550(f), it is certified that true copies of the within Notice of Appeal, attached copy of the Board decision appealed from and copy of the Board's decision on request for reconsideration have been served, in its entirety and by first class mail, on the third party Requester at:

Baker & Hostetler LLP
1050 Connecticut Ave., N.W.
Washington, DC 20036-5304

Date of Service: March 12, 2014

Kevin L. Russell

## Certificate of Express Mailing
## to the Court of Appeals for the Federal Circuit

The undersigned hereby certifies that simultaneously herewith, three true copies each of the Notice of Appeal, attached copy of the Board decision appealed from and copy of the Board's decision on request for reconsideration together with the fee prescribed by Rule 52 of the rules of the Federal Circuit ($500) are being transmitted to:

> Clerk of the Court
> U.S. Court of Appeals for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, DC 20439

in accordance with Federal Circuit Rule 15(a)(1) as "Express Mail Post Office to Addressee" (Express Mail No. EV 307270218   US) on March 12, 2014.

Kevin L. Russell

4

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/011,600 | 05/04/2011 | 6466862 | 96583.1501 | 5451 |

7590            05/30/2013

BRUCE W. DEKOCK
1600 ODS TOWER
601 S W SECOND AVENUE
PORTLAND, OR 97204

| EXAMINER |
|---|
| REICHLE, KARIN M |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3992 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 05/30/2013 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

UNITED STATES PATENT AND TRADEMARK OFFICE

_____

BEFORE THE PATENT TRIAL AND APPEAL BOARD

_____

*Ex parte* TRAFFIC INFORMATION, LLC
Appellant and Patent Owner

_____

Appeal 2013-004302
Reexamination Control 90/011,600
Patent 6,466,862 C1
Technology Center 3900

_____

Before HOWARD B. BLANKENSHIP, STEPHEN C. SIU, and
DENISE M. POTHIER, *Administrative Patent Judges.*

SIU, *Administrative Patent Judge*

DECISION ON APPEAL

Patent owner appeals under 35 U.S.C. §§ 134(b) and 306 from a final
rejection of claims 10-13 and 21-34.  We have jurisdiction under 35 U.S.C.
§§ 134(b) and 306.

Appeal 2013-004302
Reexamination Control 90/011,600
Patent 6,466,862 C1

## STATEMENT OF THE CASE

This proceeding arose from a request for an *ex parte* reexamination
filed on May 4, 2011 of United States Patent 6,466,862 B1 (the '862 Patent)
issued to Bruce W. DeKock, Kevin L. Russell, and Richard J. Qian on
October 15, 2002. An earlier reexamination certificate issued on June 7,
2011 (App. Br. 2). Presently, claims 10-13 and 21-34 stand rejected.

Patentee's invention relates to a system for providing traffic
information (Abstract). Claim 21 reads as follows:

> 21.    A system for providing traffic information to a
> plurality of mobile users connected to a network, comprising:
>     (a) a plurality of mobile user stations, each mobile user
> station being associated with a display, a global positioning
> system receiver and a communicating device to allow each of
> said mobile user stations to send and receive signals;
>     (b) a computer system interconnected with another
> communicating device and a network, said computer system
> being capable of sending and receiving signals to and from said
> mobile user stations;
>     (c) said computer system including a map database and a
> traffic information database, said traffic information database
> containing data representative of traffic at a plurality of
> locations;
>     (d) at least one of said mobile user stations providing a
> request to said computer system for information together with a
> respective geographic location of said one of said mobile user
> stations, and in response thereto, said computer system
> providing to said one of said mobile user stations information
> representative of selected portions of said map database and
> selected portions of said traffic information database based on

2

Appeal 2013-004302
Reexamination Control 90/011,600
Patent 6,466,862 C1

> said respective geographic location of said one of said mobile
> user stations; and
> (e) said one of said mobile user stations displaying
> graphically on said display information representative of said
> selected portions of said map database and said selected
> portions of said traffic information database.

(App. Br. 30-31, Claims Appendix).

The Examiner rejects claims 10-13 and 21-34 under 35 U.S.C.
§ 102(e) as anticipated by U.S. Patent No. 6,091,956 ("Hollenberg").

## ISSUE

Did the Examiner err in rejecting claims 10-13 and 21-34?

## PRINCIPLE OF LAW

In rejecting claims under 35 U.S.C. § 102, "[a] single prior art
reference that discloses, either expressly or inherently, each limitation of a
claim invalidates that claim by anticipation." *Perricone v. Medicis Pharm.
Corp.*, 432 F.3d 1368, 1375 (Fed. Cir. 2005) (citation omitted).

## ANALYSIS

### *Claims 21-34*

Appellant argues that "the requests contemplated by Hollenberg are
not for traffic information" (App. Br. 10). Claim 21 recites "data
representative of traffic" in a traffic database and displaying portions of the

3

Appeal 2013-004302
Reexamination Control 90/011,600
Patent 6,466,862 C1

traffic (information) database. We disagree with Appellant for at least the reasons set forth by the Examiner (see e.g., Ans. 9 and 14-19).

For example, Hollenberg discloses "users' communicated . . . requests" (col. 23, l. 16) to a "situation information service provider system" (col. 23, ll. 18-19) that also "receives user device location data" (col. 23, l. 27) used "to determine actual user device location" (col. 23, ll. 29-30). After the user's actual device location is determined, the service provider system transmits to the user's device "graphical vehicular traffic pattern information" that is "appropriate to user's situation" (col. 23, ll. 39-41). Hence, contrary to Appellant's assertion, Hollenberg discloses a request for information and a system providing traffic information (e.g., "graphical vehicular traffic pattern information"), as recited in claim 21.

Appellant argues that Hollenberg fails to disclose "the location transmitted together with a request" (App. Br. 14) or that "information devices . . . provide a request for traffic information to the computer system together with data related to respective geographic location of the . . . device" (App. Br. 15). Claim 21 recites a mobile user station providing a request to the computer system for information together with a respective geographic location of said one of said mobile user stations. We disagree with Appellant for at least the reasons set forth by the Examiner (see e.g., Ans. 14-19 and 23-25).

For example, as discussed above, Hollenberg discloses a user transmitting a request to a service provider system (e.g., the "data system . . .

4

Appeal 2013-004302
Reexamination Control 90/011,600
Patent 6,466,862 C1

processes users' communicated data and requests for information and services" — col. 23, ll. 16-18). Hollenberg also discloses that the system "receives user device location data" (col. 23, l. 27) and that the user data determines "actual user device location" (col. 23, ll. 29-30). In other words, Hollenberg discloses the system receiving a request together with a respective geographic location of a user as recited in claim 21.

*Claims 10[1]-13*

Appellant argues that "the information and services being requested [in Hollenberg] do not include traffic information" (App. Br. 21) and that "[t]he situation information device [of Hollenberg] sends requests but these requests seek information and services other than traffic information" (App. Br. 23). Claim 1, from which claim 10 depends, recites a request for traffic information from a mobile user station. We disagree with Appellant for at least the reasons set forth by the Examiner (Ans. 25) and for reasons set forth above.

Appellant argues that "Hollenberg's system provides traffic information based on an already known geographic location of the mobile situation information device" rather than being "based on a signal from the global positioning system" (App. Br. 24). Hence, Appellant argues that Hollenberg fails to disclose a request for traffic information that is based on

---

[1] Notably, claim 10 improperly depends from canceled claim 1. For purposes of this opinion, we presume claim 10 is rewritten in independent form.

Appeal 2013-004302
Reexamination Control 90/011,600
Patent 6,466,862 C1

a signal from a global positioning system receiver (App. Br. 27). Claim 10 recites that the system selects traffic information based on a signal received from a global positioning system receiver. We disagree with Appellant for at least the reasons set forth by the Examiner (Ans. 25-42 and 47-49).

For example, as discussed above, Hollenberg discloses a user device providing "user device location data" to a system (*see, e.g.*, col. 23, l. 27). Hollenberg also discloses that a user device (e.g., "vehicle-located mobile situation information devices" – col. 18, ll. 21-22) receives signals from a "GPS satellite constellation" (col. 18, ll. 32-33) to provide "positioning information" (col. 18, l. 34; *see also* col. 18, ll. 34-38). According to Hollenberg, based on such information received from GPS satellites, the device provides, for example, "global coordinates" to the service provider (col. 18, ll. 40-41). Hence, Hollenberg discloses that location data location data sent from the device to the server (e.g., global coordinates) is based on a signal from a global positioning system receiver (e.g., based on signals from a "GPS satellite constellation").

CONCLUSION

We conclude that the Examiner did not err in rejecting claims 10-13 and 21-34.

6

Appeal 2013-004302
Reexamination Control 90/011,600
Patent 6,466,862 C1

## DECISION

The decision of the Examiner to reject claims 10-13 and 21-34 is affirmed.

Requests for extensions of time in this *ex parte* reexamination proceeding are governed by 37 C.F.R. § 1.550(c). *See* 37 C.F.R. § 41.50(f).

<u>AFFIRMED</u>

Appeal 2013-004302
Reexamination Control 90/011,600
Patent 6,466,862 C1


Patent Owner:

Bruce W. DeKock
1600 ODS Tower
601 SW Second Avenue
Portland, OR 97204


Third Party Requester:

Baker & Hostetler LLP
1050 Connecticut Ave., N.W.
Washington DC 20036-5304

 **U**NITED **S**TATES **P**ATENT AND **T**RADEMARK **O**FFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/011,600 | 05/04/2011 | 6466862 | 96583.1501 | 5451 |

7590    01/13/2014
BRUCE W. DEKOCK
1600 ODS TOWER
601 S W SECOND AVENUE
PORTLAND, OR 97204

| EXAMINER |
|---|
| REICHLE, KARIN M |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3992 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 01/13/2014 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

UNITED STATES PATENT AND TRADEMARK OFFICE

———————

BEFORE THE PATENT TRIAL AND APPEAL BOARD

———————

*Ex parte* TRAFFIC INFORMATION, LLC
Appellant and Patent Owner

———————

Appeal 2013-004302
Reexamination Control 90/011,600
Patent 6,466,862 C1
Technology Center 3900

———————

Before HOWARD B. BLANKENSHIP, STEPHEN C. SIU, and
DENISE M. POTHIER, *Administrative Patent Judges.*

SIU, *Administrative Patent Judge.*

## DECISION ON REQUEST FOR RECONSIDERATION

Appellant requests rehearing under 37 C.F.R. § 41.52 of our Decision
on Appeal entered May 30, 2013 ("Decision" or "Dec.") wherein we
affirmed the Examiner's final rejection of claims 10-13 and 21-34 as
anticipated by Hollenberg.[1]  We have jurisdiction under 35 U.S.C. § 6(b).

———————

[1] US Patent 6,091,956 ("Hollenberg").

Appeal 2013-004302
Reexamination Control 90/011,600
Patent No. 6,466,862 C1

The Request for Rehearing must state with particularity the points
believed to have been misapprehended or overlooked by the Board. 37
C.F.R. § 41.52(a)(1). In Appellant's Request for Rehearing (Req. Reh'g. 2-
4), Appellant reiterates arguments previously presented in Appellant's
Appeal Brief , filed May 21, 2012, which we addressed in the Decision (*see
e.g.*, App. Br. 9-27). Based on Appellant's repeated presentation of
arguments, we are not persuaded that we overlooked or misapprehended any
points.

For example, with respect to claims 21-34, Appellant asserts that
Hollenberg fails to disclose "a request for traffic information" (Req. Reh'g.
2; App. Br. 9). In particular, Appellant argues that even though "Hollenberg
discloses both a request for information and the delivery of traffic
information, . . . [Hollenberg fails to disclose that] traffic information is
provided 'in response []to' the request for traffic information" (Req. Reh'g.
2; *see also* App. Br. 10) and does not "draw[] such a causal link between the
request for information and the providing of traffic information (Req. Reh'g.
3).

As previously discussed in the Decision, Hollenberg discloses a user's
device sending a request for information to a service provider (*see e.g.*,
Decision 4, citing Ans. 14-19 and 23-25 and Hollenberg at col. 23, ll. 16, 18-
19, 27, 29-30, and 39-41).[2] In the next step, the service provider returns the

---

[2] E.g., "SEND REQUEST/DATA TO PROVIDER <128>" (*see e.g.*, Ans.
15).

Appeal 2013-004302
Reexamination Control 90/011,600
Patent No. 6,466,862 C1

requested traffic information, the returned information being received at the user's device.[3]  Based on Hollenberg, one of ordinary skill in the art would have understood that, if a server receives a request for information and after which sends the requested (traffic) information to the requesting device, the sending of the requested information to the requesting device would have been "in response to" the request.

Appellant also argues that Hollenberg fails to disclose "that the request for information is sent 'together with' the respective geographic location" because, in Hollenberg, "the request and location transmissions are wholly separate processes of the Hollenberg system" (Req. Reh'g. 3; *see also* App. Br. 12).  As previously discussed, Hollenberg teaches or suggests to an ordinarily skilled artisan that "information requests are sent [from user's device], along with periodic location information reports or data, to the service provider" (Decision 4, citing Ans. 14-19 and 23-25; *see also* Ans. 15, citing Hollenberg at col. 24, ll. 25-27).  One of ordinary skill in the art would have understood that when information is sent "along with" other information, the information collectively would have been sent "together with" the other information.  Appellant does not persuasively demonstrate a difference between sending information "along with" other information and sending information "together with" other information and does not sufficiently indicate with particularity points misapprehended or overlooked in the Decision.

---

[3] E.g., "RECEIVE INFO. FROM PROVIDER <129> (*see e.g.*, Ans. 15).

3

Appeal 2013-004302
Reexamination Control 90/011,600
Patent No. 6,466,862 C1

With respect to claims 10-13, Appellant asserts that Hollenberg fails
to disclose "a request for traffic information" (Req. Reh'g. 3; *see also* App.
Br. 18). In particular, Appellant argues that even though Hollenberg
discloses "a system for selecting traffic information where that traffic
information is based on signals from the GPS receiver," claim 10 requires "a
system where the signal from the GPS receiver determines which traffic
information is selected for transmission to the mobile user stations."
According to Appellant, Hollenberg fails to disclose this feature (Req. Reh'g
4). Claim 10 recites that the computer system "selects said traffic
information to provide to said mobile user station based on a signal received
from said global positioning system receiver."

As previously discussed, Hollenberg discloses a user sending
"information requests . . . along with . . . location information" to a service
provider and returning "traffic congestion graphical data" in response (*see*
e.g., Decision 4, citing Ans. 15-16 and Hollenberg at col. 24, ll. 25-26, 31-
34). The "location information" is "derived from timing signals received
from the GPS satellite constellation" (*see* e.g., Decision 4 and 6, citing Ans.
23-25 and Hollenberg at col. 18, ll. 32-33). Hence, the service provider
selects appropriate traffic information and returns the selected requested
traffic information corresponding to the user's location, which is derived
from signals received from a GPS receiver (*i.e.*, "appropriate to user's
situation"). Appellant has not asserted or demonstrated sufficiently a
difference between the Hollenberg system in which a service provider

4

Appeal 2013-004302
Reexamination Control 90/011,600
Patent No. 6,466,862 C1

selects (and transmits) requested traffic information "appropriate to" a user's "situation" based on location information (that is based on a signal received from a GPS receiver) and the claim limitation of selecting and providing traffic information based on a signal received from a GPS receiver.

## SUMMARY

Appellant's arguments do not persuade us that the Decision affirming the Examiner's final rejection of claims 10-13 and 21-34 as anticipated by Hollenberg has misapprehended or overlooked any point of fact or law. We therefore deny Appellant's Request.

No time period for taking any subsequent action in connection with this appeal may be extended under 37 C.F.R. § 1.136(a)(1)(iv).

## REHEARING DENIED

alw

Appeal 2013-004302
Reexamination Control 90/011,600
Patent No. 6,466,862 C1

Patent Owner:

Bruce W. DeKock
1600 ODS Tower
601 SW Second Avenue
Portland, OR 97204

Third Party Requester:

Baker & Hostetler LLP
1050 Connecticut Ave., N.W.
Washington DC 20036-53048

**RECEIPT FOR PAYMENT**

# United States Court of Appeals
# For The Federal Circuit

OFFICE OF THE CLERK

Received From: Kevin Russell
(NAME)

Portland, OR
(ADDRESS)

3/13/14
(DATE)

| NON-APPROPRIATED ACCOUNT | AMOUNT |
|---|---|
| Admission Fee | |
| Filing Fee _PTO Case Control #90/011,600_ | 500 00 |
| Duplicate Cert. of Admission | |
| | |
| | |
| | |
| | |
| | |
| | |
| **TOTAL** | 500 00 |

Clerk ☐
Deputy Clerk ☑ CMC ☐

Cash ☐   Check ☑   MONEY ORDER ☐

27678   # 1857