In The

# United States Court of Appeals

## For The Federal Circuit

# IN RE TRAFFIC INFORMATION LLC,

**APPEAL FROM THE UNITED STATES PATENT AND TRADEMARK OFFICE, PATENT TRIAL AND APPEAL BOARD**

_____

## BRIEF OF APPELLANT

_____

**Kevin L. Russell**
**CHERNOFF, VILHAUER, MCCLUNG & STENZEL**
**601 S.W. Second Avenue, Suite 1600**
**Portland, Oregon 97204**
**(503) 227-5631 (Telephone)**
**(503) 228-4373 (Facsimile)**
**Kevin@chernofflaw.com**

*Counsel for Appellant*

# CERTIFICATE OF INTEREST

Pursuant to Federal Circuit Rules 27(a)(7) and 47.4(a), counsel for Appellant Traffic Information, LLC certify the following:

1. The full name of every party or amicus represented by us is:

      Traffic Information, LLC

2. The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by us is:

      Traffic Information, LLC

3. All parent corporations and any publicly held companies that own 10 percent or more of the stock of any party represented by us are:

      None

4. The names of all law firms and the partners or associates that appeared for the parties now represented by us in the trial court or are expected to appear in this Court are:

      Kevin L. Russell, Chernoff, Vilhauer, McClung & Stenzel

Date: June 23, 2014

      /s/ Kevin L. Russell

      Kevin L. Russell, Reg. No. 38,292
      Chernoff, Vilhauer, McClung & Stenzel
      601 SW Second Ave., Suite 1600
      Portland, OR 97204
      Tel: (503) 227-5631

      *Attorney for Traffic Information, LLC*

# TABLE OF CONTENTS

**Page**

CERTIFICATE OF INTEREST ....................................................................i

TABLE OF CONTENTS......................................................................... ii

TABLE OF AUTHORITIES ...................................................................iv

STATEMENT OF RELATED CASES ...................................................v

I.      STATEMENT OF JURISDICTION ............................................1

II.     STATEMENT OF THE ISSUES .................................................2

III.    STATEMENT OF THE CASE ....................................................2

        A.      The '862 Patent .............................................................3

        B.      Hollenberg .....................................................................5

IV.     SUMMARY OF THE ARGUMENT.............................................9

V.      ARGUMENT...............................................................................9

        A.      Standard of Review ........................................................9

        B.      The Board erred by basing its arguments on selective readings
                of the relevant claim language, either ignoring or misreading
                significant  terms on at least three occasions ......................................10

        C.      The Board erred by supporting its arguments with logical
                fallacies which materially and improperly impacted the Board's
                decision.............................................................................16

                1.      The Board erred by presenting and overcoming straw
                        man arguments in its analysis rather than responding to
                        the Patent Owner's arguments ...................................16

2.      The Board's argument regarding proximate situation
        information relies on a false equivalence ...................................19

3.      The Board makes an appeal to ignorance by arguing that
        traffic information in the '862 patent may be delivered
        without a request because the patent owner has not
        proven the contrary ................................................................23

D.      The Board erred by arguing from baseless conjecture and
        speculation...........................................................................24

VI.     CONCLUSION...............................................................................27

ADDENDUM

CERTIFICATE OF FILING AND SERVICE

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*In re Gartside*,
　　203 F.3d 1305 (Fed. Cir. 2000) ...................................................10

*In re Kotzab*,
　　217 F.3d 1365 (Fed. Cir. 2000) ...................................................10

*In re Suitco Surface*, *Inc.*,
　　603 F.3d 1255 (Fed. Cir. 2010) ...................................................10

*In re Yamamoto*,
　　740 F.2d 1569 (Fed. Cir. 1984) .....................................................9

*Lewmar Marine*, *Inc. v. Barient*, *Inc.*,
　　827 F.2d 744 (Fed. Cir. 1987) .....................................................10

*Schering Corp. v. Geneva Pharm.*,
　　339 F.3d 1373 (Fed. Cir. 2003) ............................................... 9-10

**FEDERAL STATUTES**

35 U.S.C. § 102(e) ..........................................................................2

35 U.S.C. § 134 ..............................................................................1

35 U.S.C. § 141 ..............................................................................1

35 U.S.C. §§ 302-305 .......................................................................1

35 U.S.C. § 306 ..............................................................................1

## STATEMENT OF RELATED CASES

There are no other appeals or interferences that will directly affect, be directly affected by, or have a bearing on the Court's decision in this appeal.

A prior re-examination of U.S. Patent No. 6,466,862, reexamination control no. 90/010,646, resulted in a reexamination certificate U.S. 6,466,862 C1 on June 7, 2011.

Open and closed cases involving U.S. Patent No. 6,466,862 include:

E.D. Texas; *Traffic Information*, *LLC v. American Honda Motor Co. Inc. et al.*, Case No. 2:07-cv-00391,

E.D. Texas; *Traffic Information*, *LLC v. Alpine Electronics of America*, *Inc. et al.*, Case No. 2:08-cv-00007,

E.D. Texas; *Traffic Information*, *LLC v. HTC USA*, *Inc.*, *et al.*, Case No. 2:08-cv-00404,

E.D. Texas; *Traffic Information*, *LLC v. AT&T Mobility*, *LLC.*, *et al.*, Case No. 2:09-cv-00083,

E.D. Texas; *Traffic Information*, *LLC v. BBVA Compass Bancshares*, *Inc. et al.*, Case No. 2:11-cv-00412,

E.D. Texas; *Traffic Information*, *LLC v. Bank of America Corporation et al.*, Case No. 2:11-cv-00343,

E.D. Texas; *Traffic Information*, *LLC v. Mazda Motor of America*, *Inc. et al.*, Case No. 2:11-cv-00083,

E.D. Texas; *Traffic Information*, *LLC v. Commtiva Technology Corporation et al.*, Case No. 2:10-cv-00520,

E.D. Texas; *Traffic Information*, *LLC v. Huawei Technologies Co. Ltd. et al.*, Case No. 2:10-cv-00145,

E.D. Texas; *Traffic Information*, *LLC v. ASUS Computer International*, Case No. 2:11-cv-00457,

E.D. Texas; *Traffic Information*, *LLC v. Sony Electronics Inc. et al.*, Case No. 2:09-cv-00191,

E.D. Texas; *Traffic Information*, *LLC v. BOK Financial Corporation et al.*, Case No. 2:11-cv-00406,

E.D. Texas; *Traffic Information*, *LLC v. Flixster*, *Inc. et al.*, Case No. 2:11-cv-00420,

E.D. Texas; *Traffic Information*, *LLC v. Yahoo! Inc. et al.*, Case No. 2:09-cv-00246,

E.D. Texas; *Traffic Information*, *LLC v. Cricket Communications*, *Inc. et al.*, Case No. 2:10-cv-00226,

E.D. Texas; and *Cincinnati Bell v. Traffic Information*, *LLC*, Case No. 3-10-CV-153, D. Oregon.

E.D. Texas; and *Google Inc. v. Traffic Information*, *LLC*, Case No. 09-642, D. Oregon.

A claim construction ruling by Judge Mosman in D. Oregon; in the case entitled *Google Inc. v. Traffic Information*, *LLC*, Case No. 09-642, D. Oregon is included in an appendix. (A1185-1187)

# I.    STATEMENT OF JURISDICTION

This appeal arises from an *ex parte* reexamination proceeding before the U.S. Patent and Trademark Office ("PTO").  *See* 35 U.S.C. §§ 302-305.  Traffic Information, LLC, the patent owner, appealed the examiner's final rejection of the claims to the Patent Trial and Appeal Board ("Board"), which had jurisdiction under 35 U.S.C. §§ 134 and 306.  The Board issued a final decision affirming the rejection on January 13, 2014, and Traffic Information, LLC filed a timely notice of appeal on March 12, 2014.  This Court has jurisdiction under 35 U.S.C. § 141.

## II.   STATEMENT OF THE ISSUES

1. In affirming anticipation of U.S. Patent No. 6,466,862 (the '862 patent) based on U.S. Patent 6,091,956 (Hollenberg), did the Board err by improperly discounting or misrepresenting claim language that materially impacted the finding of anticipation to the detriment of the Patent Owner?

2. In affirming anticipation of the '862 patent based on Hollenberg, did the Board err by basing portions of its arguments, which were determinative in the finding of anticipation, on fallacious reasoning?

3. In affirming anticipation of the '862 patent based on Hollenberg, did the Board err by basing portions of its arguments, which were determinative in the finding of anticipation, on conjecture, speculation, or unsupported statements?

## III.   STATEMENT OF THE CASE

This proceeding arose from a request for an *ex parte* reexamination filed on May 4, 2011 of United States Patent No. 6,466,862 B1 (the '862 Patent) issued to Bruce W. DeKock, Kevin L. Russell, and Richard J. Qian on October 15, 2002. (A1385-1412)   An earlier reexamination certificate issued on June 7, 2011 (A1413-1422)   Presently, claims 10-13 and 21-34 stand rejected and all other claims were previously cancelled.

The Examiner rejected claims 10-13 and 21-34 under 35 U.S.C. § 102(e) as anticipated by United States Patent No. 6,091,956 (Hollenberg).   The Patent Trial

and Appeal Board affirmed the examiner's rejection in the decision dated May 30, 2013 for Appeal No. 2013-004302. (A8-16) The Board denied the Appellant's request for reconsideration in the decision dated January 13, 2014. (A1-7)

## A.    The '862 Patent

The '862 patent was filed on April 14, 2000 (claiming the benefit of U.S. Provisional Applications 60/189,913 filed 03/16/2000; 60/166,868 filed 11/22/1999; and 60/130,399 filed 04/19/1999) and issued to Bruce W. DeKock, Kevin L. Russell, and Richard J. Qian on October 15, 2002 as U.S. Patent No. 6,466,862. The '862 patent describes, in relevant part to the claims on appeal, "[a] system for providing traffic information to a plurality of mobile users connected to a network." The '862 patent, Abstract. (A1385) In this system, traffic monitors signal a computer system when they detect vehicular traffic. *Id.* "The computer system, in response to a request signal received from one of the users transmits in response thereto information representative of the signals transmitted by the traffic monitoring units." *Id.*

Claims 1-9 and 14-20 have been cancelled. Claims 10-13 are dependent on the cancelled claim 1, so claim 1 must be read to understand the context of claims 10-13. Claims 22-34 are dependent on claim 21. The claims relevant to this appeal are reproduced below:

> 1. A system for providing traffic information to a plurality of mobile users connected to a network, comprising:

(a) a plurality of traffic monitors, each said traffic monitor comprising at least a detector and a transmitter, said detector providing a signal including data representative of vehicular movement and said transmitter transmitting said signals;

(b) a receiver, remotely located from said transmitter, that receives said signals transmitted by said traffic monitors; and

(c) a computer system interconnected with said receiver and said network;

(d) a mobile user station connected to a global positioning system receiver, a display, and a communicating device; and

(e) said computer system, in response to a request for traffic information from one of said mobile user stations, providing in response thereto to said one of said mobile user stations traffic information representative of said signals transmitted by said traffic monitors;

(f) wherein said traffic information transmitted by said computer system is displayed graphically on said display; and

(g) wherein said computer system has a map database, and said computer system, in response to said request for information, transmits map information representative of a portion of said map database, and said map information representative of said map database is displayed graphically together with said traffic information.

*Id.* at col. 22, lines 35-65. (A1410)

10. The system of claim 1 wherein said computer system selects said traffic information to provide to said mobile user station based on a signal received from said global positioning system receiver.

*Id.* at col. 23, lines 15-18. (A1411)

21. A system for providing traffic information to a plurality of mobile users connected to a network, comprising:

(a) a plurality of mobile user stations, each mobile user station being associated with a display, a global positioning system receiver and a communicating device to allow each of said mobile user stations to send and receive signals;

(b) a computer system interconnected with another communicating device and a network, said computer system being capable of sending and receiving signals to and from said mobile user stations;

(c) said computer system including a map database and a traffic information database, said traffic information database containing data representative of traffic at a plurality of locations;

(d) at least one of said mobile user stations providing a request to said computer system for information together with a respective geographic location of said one of said mobile user stations, and in response thereto, said computer system providing to said one of said mobile user stations information representative of selected portions of said map database and selected portions of said traffic information database based on said respective geographic location of said one of said mobile user stations; and

(e) said one of said mobile user stations displaying graphically on said display information representative of said selected portions of said map database and said selected portions of said traffic information database.

*Id.* at col. 24, lines 13-41.  (A1411)

## B.    Hollenberg

Hollenberg (U.S. Patent No. 6,091,956) describes a situation information system with several different embodiments and a large number of functions. Hollenberg, passim.  (A1359-1384)  The aspect of Hollenberg pertinent to this appeal describes a scenario wherein users would find that "their electronic map would show traffic congestion forming in their path".  *Id.*  (A1371)

The control program for the service provider computer in Hollenberg, particularly how it processes user data and requests, is described in FIG. 13 and col. 23, lines 12-63, reproduced below.  (A1365, 1380)

**FIG. 13**



90

ENTER — 91

INITIALIZE — 92

CONNECT USER — 93

RECEIVE USER DATA & REQUEST FOR SERVICES — 94

PROCESS USER SITUATION DATA — 95

UPDATE USER SITUATION INFORMATION — 96

UPDATE OPTIONS/FILTERS RECEIVED FROM USER — 97

SELECT DB INFORMATION FOR USER'S SITUATION — 98

PROVIDE SITUATION INFORMATION & SERVICES — 99

RECEIVE NEW DATA OR SERVICES REQUEST? — 100

YES

NO

RETURN — 101

FIG. 13 shows a flowchart, with element numbers within brackets, of SERVICE PROVIDER COMPUTER CONTROL PROGRAM <90>, generally consisting of computer controlling instructions and evaluations, by which subject invention, particularly, for example, control and data system 36c, processes users'

communicated data and requests for information and services. After situation information service provider system loads the program at instruction ENTER <91>, the program collects stored operating parameters and data at INITIALIZE <92> and is then operationally able to provide sessions of user services. A typical user logs on at CONNECT USER <93> and the system determines user's validity by comparing user identification (ID) and password with memory-stored copies, assigns user a communications channel or channels through which further interactions are conducted, and receives user device location data at RECEIVE USER DATA & REQUEST FOR SERVICES <94>. The user data is processed to determine actual user device location and, optionally from receipt of subsequent location updates, velocity at PROCESS USER SITUATION DATA <95>. User location data is correlated with data from other users to provide near real time, vehicular traffic-pattern situation information for transmission to other users' devices for graphical display or, in the case of pedestrian traffic, for analysis in marketing studies or other use studies.

At UPDATE USER SITUATION INFORMATION <96> user's device location is transmitted to user's device for display accompanied with, for example and if appropriate to user's situation, graphical vehicular traffic pattern information. User information filters, which selectably limit and define the types of information the user suitably requires, and options include, prearranged communications services required by user on a regular basis, such as remote access to other computer networks, news services, including market data, etc., are received by the service provider which then updates them appropriately in UPDATE OPTIONS/FILTERS RECEIVED FROM USER <97>. Based upon user filters, options and location, the service provider selects appropriate information from the system database (DB) specific to user situation in SELECT DB INFORMATION FOR USER'S SITUATION <98>, and this information is transmitted to the user in PROVIDE SITUATION INFORMATION & SERVICES <99>. If the service provider receives new data or a services request from the user, that is, if evaluation RECEIVE NEW DATA OR SERVICES REQUEST? <100> evaluates to YES, the processing of program <90> loops back to instruction PROCESS USER SITUATION DATA <95>. However, should the user not send new data or request services such that

evaluation RECEIVE NEW DATA OR SERVICES REQUEST? <100> evaluates to NO, the service session ends at RETURN <101>.

To summarize, a user logs on at step <93>. *Id.* at col. 23, lines 22-23. (A1380) The system "receives user device location data at RECEIVE USER DATA & REQUEST FOR SERVICES <94>." *Id.* at col. 23, lines 27-29. (A1380) This user data is processed to determine the user's actual location at step <95>, said location information then being correlated with data from other users to generate traffic pattern information. *Id.* at col. 23, lines 29-36. (A1380) "At UPDATE USER SITUATION INFORMATION <96> user's device location is transmitted to user's device for display accompanied with, for example and if appropriate to user's situation, graphical vehicular traffic pattern information." *Id.* at col. 23, lines 37-41. (A1380) User filters and options are received by the service provider and updated at step <97>. *Id.* at col. 23, lines 41-48. (A1380) "Based upon user filters, options and location, the service provider selects appropriate information from the system database (DB) specific to user situation in SELECT DB INFORMATION FOR USER'S SITUATION <98>, and this information is transmitted to the user in PROVIDE SITUATION INFORMATION & SERVICES <99>." *Id.* at col. 23, lines 48-54. (A1380) If the system receives new data or requests from the user the process repeats from step <95>, whereas if it does not the process terminates. *Id.* at col. 23, lines 54-63. (A1380)

# IV.   SUMMARY OF THE ARGUMENT

In finding the appealed claims anticipated by Hollenberg the Board reversibly erred in its claim construction and validity analyses.

The Board's analyses, both in the original Decision on Appeal (A8-16) and in the Decision on Request for Reconsideration (A1-7) demonstrate various, serious, and repeated errors both in form and substance.  The Board's arguments either dismiss or misinterpret relevant claim language in the '862 patent, rely on no less than three well-understood logical fallacies, and offer only conjecture and speculation in support of essential components of the argument.  These errors in the Board's arguments are pervasive and materially impact the ultimate finding on the issue of validity.  But for the errors in the Board's argument, every claim at issue would have been found to not be anticipated by Hollenberg and, it is believed, the Patent Owner would have received a second reexamination certificate.

# V.   ARGUMENT

## A.   Standard of Review

Claims are generally given their "broadest reasonable interpretation" consistent with the specification during reexamination.  *See*, *e.g.*, *In re Yamamoto*, 740 F.2d 1569 (Fed. Cir. 1984).  A patent is anticpated "if a single prior art reference discloses each and every limitation of the claimed invention."  *Schering*

*Corp. v. Geneva Pharm.*, 339 F.3d 1373, 1377 (Fed. Cir. 2003) (citing *Lewmar Marine*, *Inc. v. Barient*, *Inc.*, 827 F.2d 744, 747 (Fed. Cir. 1987). "Anticipation is a question of fact reviewed for substantial evidence." *In re Suitco Surface*, *Inc.*, 603 F.3d 1255, 1259 (Fed. Cir. 2010). Substantial evidence is more than a "mere scintilla of evidence" but something less than the "weight of the evidence." *In re Kotzab*, 217 F.3d 1365, 1369 (Fed. Cir. 2000) (citing *In re Gartside*, 203 F.3d 1305, 1316 (Fed. Cir. 2000)).

**B.     The Board erred by basing its arguments on selective readings of the relevant claim language, either ignoring or misreading significant terms on at least three occasions**

The Board's arguments repeatedly demonstrate selective reading, ignoring not only the context in which certain claims are made, but also entire clauses of those claims which are indispensable to their interpretation. These omissions and misinterpretations are demonstrated in at least the three examples described below.

In a first instance, the Board states in the example provided in Board's Decision on Appeal p.4 that "the service provider system transmits to the user's device 'graphical vehicular traffic pattern information' that is 'appropriate to user's situation' (col. 23, II. 39-41)." (A4, first full paragraph) This statement about Hollenberg is false and misleading. What the cited lines actually say is that, "user's device location is transmitted to user's device for display accompanied with, for example and if appropriate to user's situation, graphical vehicular traffic

pattern information." Hollenberg, col. 23, lines 38-41. (A1380) In other words, and contrary to the Board's assertion, traffic pattern information is only transmitted if appropriate to the user's situation. The Board's Decision on Appeal incorrectly argues that the information is always transmitted and that said information is appropriate to the user's situation. This is an apparent and serious misreading of the claim language that has materially affected the Board's finding of patentability of claims 10 and 21 of the '862 patent. In particular, traffic information of Hollenberg is provided based upon the server independently determining that the traffic "information is appropriate to the user's situation" rather than being provided in response to a request.

As recited in claim 10, Hollenberg fails to disclose "said computer system, in response to a request for traffic information from one of said mobile user stations, providing in response thereto to said one of said mobile user stations traffic information."

As recited in claim 21, Hollenberg fails to disclose "at least one of said mobile user stations providing a request … for information …, and in response thereto, said computer system providing to said one of said mobile user stations information representative of selected portions of … said traffic information database."

In a second instance from the same example, the Board goes on to say, "[h]ence, contrary to Appellant's assertion, Hollenberg discloses a request for information and a system providing traffic information . . ., as recited in claim 21." Board's Decision, p.4. (A4, first full paragraph) This statement ignores the clause of the '862 patent's claim 21 which requires that the traffic information must be sent "in response []to" the request for information. Hollenberg neither explicitly nor inherently draws a causal link between the request for information and the transmission of traffic information. To the contrary, the system described in Hollenberg is one wherein traffic information is delivered automatically at the discretion of the server rather than at the request of the user. *See*, 5/21/12 Appeal Brief, pp.9-11. (A1160-1162) The information in question is not delivered "in response to" anything, and in fact is delivered independently of whether or not a request for other information had been made at all. Ignoring this portion of claim 21 materially alters the meaning of the claim; when that claim language is properly considered, Hollenberg cannot be shown to anticipate claim 21. Similarly, with respect to claim 10 Hollenberg fails to disclose "said computer system, in response to a request for traffic information from one of said mobile user stations, providing in response thereto to said one of said mobile user stations traffic information."

In a third instance, the Board again demonstrates selective reading in its Decision on Request for Reconsideration at pp.4-5. (A5-6) In responding to the

Patent Owner's argument that Hollenberg fails to disclose a system wherein the signal from a GPS receiver determines which traffic information is selected for transmission to mobile user stations, the Board determined that "[a]ppellant has not asserted or demonstrated sufficiently a difference between the Hollenberg system in which a service provider selects (and transmits) requested traffic information 'appropriate to' a user's 'situation' based on location information (that is based on a signal received from a GPS receiver) and the claim limitation of selecting and providing traffic information based on a signal received from a GPS receiver." Decision on Request for Reconsideration, pp.4-5. (A5-6) It is Appellant's position that more than enough evidence has already been offered of this distinction in the Appellant's appeal brief (A1167-1171) and the Appellant's reply brief (A1316-1323), but that the Board's selective reading of the claim language at issue interferes with the Board's decision. Claim 10 of the '862 patent recites that the computer system "selects said traffic information to provide to said mobile user station based on a signal received from said global positioning system receiver." (A1411) The Board's reading of this claim misinterprets the sentence, which can be broken down as follows:

1. "selects"

2. "said traffic information"

3. "to provide to said mobile user station"

4. "based on a signal received from said global positioning system receiver"

Here, the verb ("selects") acts on the direct object ("said traffic information"). The direct object is identified by virtue of being "said" traffic information, that being the "traffic information" referred to in claim 1. The clause "to provide to said mobile user station" modifies the verb to indicate what action is performed on the direct object after the selection occurs. The final clause also acts on the verb to indicate how the selection is carried out, which is, to say, "based on a signal received from said global positioning system receiver". The Board, however, is under the mistaken impression that this final clause modifies the direct object to indicate that "said traffic information" is "based on a signal received from said global positioning system receiver". While any traffic information in Hollenberg would be derived from such a signal, the Board's interpretation would make the entire final clause redundant. The mobile user stations of claim 1 include a global positioning system receiver which can provide the signals that form the basis of the traffic information when mobile user stations also act as traffic monitors, and so that condition is intrinsic to the phrase "said traffic information". If, as the Board

believes, the final clause were modifying the direct object, the statement would be redundant. If the Board's interpretation were correct, the last clause could be removed and the meaning of the claim would not change at all because that condition is already intrinsic to "said traffic information". Where the last clause modifies the verb, however, that substantially refines and limits claim 10. Claim 10 does not merely say that selection is occurring, but defines how that selection is carried out, which is to say, that it is "based on signal received from said global positioning system receiver". Claim 10 is more limited than the Board appreciates. To disregard claim language when it substantially impacts the meaning of the claim is abhorrent in the practice of claim interpretation. The Board's interpretation both fails grammatically and as an act of claim interpretation. The pervasive errors, misrepresentations and misreading throughout the Board's opinions on this reexamination have impacted the Board's findings on the validity of the '862 patent.

Accordingly, with respect to claim 10, Hollenberg fails to disclose said computer system selects said traffic information to provide to said mobile user station based on a signal received from said global positioning system receiver.

**C. The Board erred by supporting its arguments with logical fallacies which materially and improperly impacted the Board's decision**

    **1. The Board erred by presenting and overcoming straw man arguments in its analysis rather than responding to the Patent Owner's arguments**

The Board repeatedly fails to recognize or respond to arguments made by the Patent Owner, instead presenting and rejecting fabricated straw man arguments.

Case in point, the Patent Owner raised issue with the Board's reading of claim 10. The full text of claim 10 states: "[t]he system of claim 1 wherein said computer system selects said traffic information <u>to provide to said mobile user station</u> based on a signal received from said global positioning system receiver." (Emphasis added.) The Board, however, argues that, "[c]laim 10 recites that the system selects traffic information based on a signal received from a global positioning system receiver." Decision, p.6. (A14) As the Patent Owner explained in the Request for Reconsideration, omitting the underlined clause drastically alters the meaning of the claim. See request for reconsideration, pp. 3-4. (A1348-1349) "The claim is not for a system for selecting traffic information where that traffic information is based on signals from the GPS receiver as the Decision indicates, but rather it is for a system where the signal from the GPS receiver determines which traffic information is selected for transmission to the mobile user stations. The Board's example and the Examiner's

16

argument make no sense when reading the full text of claim 10." Request for Reconsideration, p.4. (A1349) At no point does the Board's Decision on Request for Reconsideration acknowledge or respond to this clear error in any meaningful way, thereby tacitly misrepresenting the Patent Owner's actual position. By substituting different claim language for what is actually written in claim 10 and explained by the Patent Owner, the Board's rejection relies on a straw man fallacy. Even when given notice of this clear oversight the Board dismissed the opportunity to amend or correct its argument and instead continued to rely on a patently false reading of the claim.

The Board, by way of adopting the Examiner's argument, substitutes a different version of claim 21 for the original claim. Claim 21(d) of the '862 patent recites: "at least one of said mobile user stations providing a request to said computer system for information together with a respective geographic location of said one of said mobile user stations, and in response thereto, said computer system providing to said one of said mobile user stations information representative of selected portions of said map database and selected portions of said traffic information database based on said respective geographic location of said one of said mobile user stations". (Emphasis added.) (A1411) The Board misinterprets claim 21 to mean only that the traffic information in the traffic information database is based on the geographic location transmitted from the mobile user

stations, and so reaches the conclusion in the Examiner's Answer on p.24 that, "the location data received by the service provider from the GPS is used to update the location data received from search device, which updated device received location data replaces/updates the memory and represents the traffic information transmitted back to the device." (A1272) The Board's principal error lies in a fundamental misunderstanding of the language of claim 21. While the traffic information in the traffic information database of Hollenberg is based on location data sent from mobile user devices as the Examiner describes, what this portion of claim 21 of the '862 patent claims is that the respective geographic location of the mobile device provided together with the request is the basis for <u>selecting</u> which portions of the map database and traffic information database to provide to the mobile user station. The system claimed in claim 21 of the '862 patent provides <u>selected portions</u> of its map and traffic information databases, and <u>the geographic location provided together with the request for information forms the basis for selecting which portions of the map and traffic information databases to provide</u>. The Board's characterization of the patent owner's claim is a straw man argument, rather than addressing the claim as presented and argued by the patent owner.

## 2. The Board's argument regarding proximate situation information relies on a false equivalence

The Board reaches its conclusions based on other logical fallacies as well, such as drawing a false equivalence. The Board, in its Decision on Appeal at p.4, adopts arguments made by the Examiner to improperly conclude that "proximate situation information" is the same thing as "situation information from the provider, in the form of processed traffic data". (A12) According to that argument, Hollenberg contemplates requests for situation information and services, including "proximate situation information", "other proximate situation information and other services", and "information and option required selections/requests". *See*, Examiner's answer, pp.16-17. (A1264-1265) These types of information, which are based upon SELECT FILTERS AND OPTIONS <127>, may take many forms, such as remote access, e-mail, a transponder carried by a child, and advertising messages. *See*, Hollenberg, column 24, lines 17-25. (A1380) The requested proximate situation information can refer to many different types of information in Hollenberg. Niether does Hollenberg describe a request for traffic information. Also, at no point does Hollenberg disclose that the requested proximate situation information includes traffic information. Neither would such a request for traffic information be implied because, as addressed in

the 5/21/12 Appeal Brief at p.9-14,[1] traffic information is provided before requests for proximate situation information are even processed. (A1160-1165) The flaw in the Board's reasoning is the assumption that, because proximate situation information can be requested, that request can be for anything which may be proximate situation information, such as, the Board argues, traffic information. The false equivalence is the Board's belief that proximate situation information is traffic information, _and_ remote access, _and_ advertising, and so on. The truth of the matter, however, is that proximate situation information is _either_ remote access, _or_ advertising, _or_, according to the Board, traffic information. The Board's reasoning is that if proximate situation information is requested, and if traffic information is

---

[1]      Claim 21 of the '862 patent claims a system where traffic information is provided _in response to_ a request and that Hollenberg does not describe even a single embodiment where traffic information is provided in response to a request. Traffic Information (to the extent that it can be referred to as graphical vehicular traffic pattern information) is only ever described as being transmitted from the service provider to the user's device in step <96> of FIG. 13. ("At UPDATE USER SITUATION INFORMATION <**96**> user's device location is transmitted to user's device for display accompanied with, for example and if appropriate to user's situation, graphical vehicular traffic pattern information." See, Hollenberg, column 23, lines 37-41.)   Requests, however, are not even processed by Hollenberg until step <97>, which takes place after the graphical vehicular traffic pattern information is provided to the user in step <96>. ("User information filters, . . . and options . . . are received by the service provider which then updates them appropriately in UPDATE OPTIONS/FILTERS RECEIVED FROM USER <**97**>. Based upon user filters, options and location, the service provider selects appropriate information from the system database (DB) specific to user situation in SELECT DB INFORMATION FOR USER'S SITUATION <**98**>, and this information is transmitted to the user in PROVIDE SITUATION INFORMATION & SERVICES <**99**>." _See_, Hollenberg, column 23, lines 41-54.)

proximate situation information, then traffic information is requested.  In other words:

$$\text{if } A = B$$

$$\text{and } B = C$$

$$\text{then } A = C$$

In this example, *A* represents a request for information.  *B* represents proximate situation information.  *C* represents traffic information.  The argument is sound, but fails to describe the system disclosed by Hollenberg.  The Board's argument should be more accurately represented as:

$$\text{if } A = B$$

$$\text{and } B = C \text{ or } D \text{ or } E \text{ or } F \text{ or } G$$

$$\text{then } A = C \text{ or } D \text{ or } E \text{ or } F \text{ or } G$$

Here, *D*, *E*, *F*, and *G* represent additional forms that proximate situation information might take, such as the aforementioned remote access or advertising. In this representation of the argument, where the Board's false equivalence has been removed, traffic information (*C*) could still be requested.  In Hollenberg, traffic information is not requested at all.  As the Patent Owner has demonstrated previously, there would be no cause for traffic information to ever be requested since the traffic information in Hollenberg is delivered before any request is even processed to determine what the request is asking for.  5/21/12 Appeal Brief, pp. 9-

14. (A1160-1165)   Since Hollenberg never refers to a request for traffic information, never implies it, and specifically describes a system where it would be unnecessary (and even counterproductive given bandwidth limitations in wireless communication), it is absurd to think that traffic information would be requested. Since the Hollenberg system cannot reasonably be construed to request traffic information, the final expression of the above example would read as:

$$A = D \text{ or } E \text{ or } F \text{ or } G$$

The Board's argument never reaches this point of the discussion because it is caught up on a false equivalence between proximate situation information and traffic information.

As recited in claim 10, Hollenberg fails to disclose "a request for traffic information from one of said mobile user stations."

As recited in claim 21, Hollenberg fails to disclose "providing a request … for information …, and in response thereto, said computer system providing … information representative of selected portions of … said traffic information database."

3.    **The Board makes an appeal to ignorance by arguing that traffic information in the '862 patent may be delivered without a request because the patent owner has not proven the contrary**

Continuing on from the previous argument, the Board indulges in an appeal to ignorance, whereby it reasons that if the Appellant cannot prove that traffic information is only ever delivered in response to a request in the specification of the '862 patent, then the claims at issue in the '862 patent necessarily encompass traffic information to be delivered without a request being made. Decision on Appeal, p.4, last full paragraph. (A12) The Board in adopting the reasons set forth by the Examiner "disagrees with Appellant's reasoning that since the delivery of traffic information may occur independently of any request being made at all . . ., the requests contemplated by Hollenberg are not for traffic information for various reasons." Examiner's Answer, p.14. (A1262)

> Third, the claim does not require delivery of the traffic information transmitted determined entirely dependent on the request, i.e. "based on" the geographical location therein, or <u>all deliveries of traffic information determined by a request</u>, e.g. the claim just requires that a response/receipt of traffic information by the computer system in response to a request for traffic information, which may or may not be the information requested, based on the location provided therewith (Note the '862 patent at, e.g., col. 12, line 33-col. 13, line 32 . . . discloses the location provided with a request for traffic information can be used by the system to provide traffic information/information based thereon <u>of different types at different/multiple times</u>.).

Examiner's Answer, pp. 17-19 (emphasis added). (A1265-1267) The error of this argument is that the cited passage from the '862 patent does not, in fact, support

the Board's conclusion. The excerpt indicates that traffic information is provided to users "on a timely basis" (the '862 patent, col. 12, line 35) but there is no language suggesting that traffic density, vehicle frequency, or any other traffic information or derivative thereof is delivered at some other time than with the response to a request. The Board's argument assumes that the existence of multiple types of traffic information necessarily means there are multiple deliveries of that traffic information. This is an example of the Board making an appeal to ignorance: if the Appellant cannot prove that traffic information is only ever delivered in response to a request, then the '862 patent, and by extension the claims 10 and 21 on appeal, necessarily permits traffic information to be delivered without a request being made. Furthermore, the Board's argument still fails to actually show how Hollenberg anticipates claims 10 and 21 of the '862 patent, given that the claim requires, in the Examiner's own words, "that a response/receipt of traffic information by the computer system in response to a request for traffic information, which may or may not be the information requested, based on the location provided therewith."

## D. The Board erred by arguing from baseless conjecture and speculation

As discussed *supra* with regard to the Board's appeal to ignorance, the Board concludes in adopting the reasons set forth by the Examiner that the specification of the '862 patent permits traffic information to be delivered without

a request being made since multiple deliveries of traffic information could be made in the system of the '862 patent. Decision on appeal, p.4, last full paragraph. (A12) That conjecture by the Board ignores claims 10 and 21 at issue of the '862 patent. The Board in adopting the reasons set forth by the Examiner "disagrees with Appellant's reasoning that since the delivery of traffic information may occur independently of any request being made at all . . ., the requests contemplated by Hollenberg are not for traffic information for various reasons." Examiner's Answer, p.14. (A1262)

> Third, the claim does not require delivery of the traffic information transmitted determined entirely dependent on the request, i.e. "based on" the geographical location therein, or all deliveries of traffic information determined by a request, e.g. the claim just requires that a response/receipt of traffic information by the computer system in response to a request for traffic information, which may or may not be the information requested, based on the location provided therewith (Note the '862 patent at, e.g., col. 12, line 33-col. 13, line 32 . . . discloses the location provided with a request for traffic information can be used by the system to provide traffic information/information based thereon of different types at different/multiple times.).

Examiner's Answer, pp. 17-19 (emphasis added). (A1265-1267) The error of this argument is that the cited passage from the '862 patent does not, in fact, support the Board's conclusion. The excerpt indicates that traffic information is provided to users "on a timely basis" (the '862 patent, col. 12, line 35) but there is no language suggesting that traffic density, vehicle frequency, or any other traffic information or derivative thereof is delivered at some other time than with the

response to a request. The Board's argument improperly assumes that the existence of multiple types of traffic information necessarily means there are multiple deliveries of that traffic information.

The Board's argument also fails to show how Hollenberg anticipates claims 10 and 21 of the '862 patent, given that the claim requires, in the Examiner's own words, "that a response/receipt of traffic information by the computer system in response to a request for traffic information, which may or may not be the information requested, based on the location provided therewith" (Examiner's Answer, p.17.) (A1265), when Hollenberg does not describe any requests for traffic information whatsoever. The only argument that the Board has advanced to show that there is a request for traffic information in Hollenberg is described in the Decision on Request for Reconsideration at pp. 2-3:

> Hollenberg discloses a user's device sending a request for information to a service provider . . .. In the next step, the service provider returns the requested traffic information, the returned information being received at the user's device. Based on Hollenberg, one of ordinary skill in the art would have understood that, if a server receives a request for information and after which sends the requested (traffic) information to the requesting device, the sending of the requested information to the requesting device would have been "in response to" the request.

(A1247-1348) The Board's reasoning is simplistic and flawed. The Board assumes that correlation implies causation, that because traffic information is sent to the user after a request for information is made, the request must be for traffic

information. The only support the Board offers for this belief is that "one of ordinary skill in the art would have understood" this to be the case. This assumes that one of ordinary skill in the art had not read any other portion of the Hollenberg patent, as the Board's assumption ignores the fact that, as the Patent Owner has already explained in the 5/21/12 Appeal Brief at pp. 9-11 (A1160-1162), the delivery of traffic information occurs independently of whether there had been a request for information at all and that the actual response to the request for information occurs later after the request is processed by the system. The response would of course not include traffic information since traffic information had already been delivered before the request is processed. The Board's person of ordinary skill in the art is baseless conjecture, offering no more factual support for the Board's position than if the opinion had stated: "because we say so." The Board's argument here as elsewhere ignores relevant contrary evidence and indulges in fallacious reasoning. The assertion that the request in question is for traffic information has no basis in Hollenberg.

## VI. CONCLUSION

Rational discussion requires that evidence be gathered and that it is all considered in context before reaching a decision. The Board's arguments contain none of this. Instead, context, contrary evidence, and even basic logic are all ignored as evidence is used only to justify a foregone conclusion. Where there is

no evidence, the Board deems speculation to be an acceptable substitute. These errors are found throughout the Board's opinions and materially impact the ultimate finding on the issue of validity. But for the errors in the Board's argument, every claim at issue would have been found to not be anticipated by Hollenberg and, it is believed, the Patent Owner would have received a reexamination certificate.

Dated: June 23, 2014                    Respectfully submitted,

/s/ Kevin L. Russell
Kevin L. Russell, Reg. No. 38,292
Chernoff, Vilhauer, McClung & Stenzel
601 SW Second Ave., Suite 1600
Portland, OR 97204
Tel: (503) 227-5631
Fax: (503) 228-4373
Email: kevin@chernofflaw.com

*Attorney for Traffic Information*, *LLC*

# ADDENDUM

# TABLE OF CONTENTS

**Addendum Page**

Decision on Request for Reconsideration
The United States Patent and Trademark Office
     filed January 13, 2014 ...........................................................................Add. 1

Decision on Appeal of
The United States Patent and Trademark Office
     filed May 30, 2013..................................................................................Add. 8

# UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/011,600 | 05/04/2011 | 6466862 | 96583.1501 | 5451 |

7590 01/13/2014

BRUCE W. DEKOCK
1600 ODS TOWER
601 S W SECOND AVENUE
PORTLAND, OR 97204

| EXAMINER |
|---|
| REICHLE, KARIN M |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3992 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 01/13/2014 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

UNITED STATES PATENT AND TRADEMARK OFFICE

———————

BEFORE THE PATENT TRIAL AND APPEAL BOARD

———————

*Ex parte* TRAFFIC INFORMATION, LLC
Appellant and Patent Owner

———————

Appeal 2013-004302
Reexamination Control 90/011,600
Patent 6,466,862 C1
Technology Center 3900

———————

Before HOWARD B. BLANKENSHIP, STEPHEN C. SIU, and
DENISE M. POTHIER, *Administrative Patent Judges.*

SIU, *Administrative Patent Judge.*


## DECISION ON REQUEST FOR RECONSIDERATION

Appellant requests rehearing under 37 C.F.R. § 41.52 of our Decision
on Appeal entered May 30, 2013 ("Decision" or "Dec.") wherein we
affirmed the Examiner's final rejection of claims 10-13 and 21-34 as
anticipated by Hollenberg.[1]  We have jurisdiction under 35 U.S.C. § 6(b).

———————

[1] US Patent 6,091,956 ("Hollenberg").

The Request for Rehearing must state with particularity the points believed to have been misapprehended or overlooked by the Board. 37 C.F.R. § 41.52(a)(1). In Appellant's Request for Rehearing (Req. Reh'g. 2-4), Appellant reiterates arguments previously presented in Appellant's Appeal Brief , filed May 21, 2012, which we addressed in the Decision (*see e.g.*, App. Br. 9-27). Based on Appellant's repeated presentation of arguments, we are not persuaded that we overlooked or misapprehended any points.

For example, with respect to claims 21-34, Appellant asserts that Hollenberg fails to disclose "a request for traffic information" (Req. Reh'g. 2; App. Br. 9). In particular, Appellant argues that even though "Hollenberg discloses both a request for information and the delivery of traffic information, . . . [Hollenberg fails to disclose that] traffic information is provided 'in response []to' the request for traffic information" (Req. Reh'g. 2; *see also* App. Br. 10) and does not "draw[] such a causal link between the request for information and the providing of traffic information (Req. Reh'g. 3).

As previously discussed in the Decision, Hollenberg discloses a user's device sending a request for information to a service provider (*see e.g.*, Decision 4, citing Ans. 14-19 and 23-25 and Hollenberg at col. 23, ll. 16, 18-19, 27, 29-30, and 39-41).[2] In the next step, the service provider returns the

---

[2] E.g., "SEND REQUEST/DATA TO PROVIDER <128>" (*see e.g.*, Ans. 15).

requested traffic information, the returned information being received at the user's device.[3]  Based on Hollenberg, one of ordinary skill in the art would have understood that, if a server receives a request for information and after which sends the requested (traffic) information to the requesting device, the sending of the requested information to the requesting device would have been "in response to" the request.

Appellant also argues that Hollenberg fails to disclose "that the request for information is sent 'together with' the respective geographic location" because, in Hollenberg, "the request and location transmissions are wholly separate processes of the Hollenberg system" (Req. Reh'g. 3; *see also* App. Br. 12).  As previously discussed, Hollenberg teaches or suggests to an ordinarily skilled artisan that "information requests are sent [from user's device], along with periodic location information reports or data, to the service provider" (Decision 4, citing Ans. 14-19 and 23-25; *see also* Ans. 15, citing Hollenberg at col. 24, ll. 25-27).  One of ordinary skill in the art would have understood that when information is sent "along with" other information, the information collectively would have been sent "together with" the other information.  Appellant does not persuasively demonstrate a difference between sending information "along with" other information and sending information "together with" other information and does not sufficiently indicate with particularity points misapprehended or overlooked in the Decision.

---

[3] E.g., "RECEIVE INFO. FROM PROVIDER <129>" (*see e.g.*, Ans. 15).

3

With respect to claims 10-13, Appellant asserts that Hollenberg fails to disclose "a request for traffic information" (Req. Reh'g. 3; *see also* App. Br. 18). In particular, Appellant argues that even though Hollenberg discloses "a system for selecting traffic information where that traffic information is based on signals from the GPS receiver," claim 10 requires "a system where the signal from the GPS receiver determines which traffic information is selected for transmission to the mobile user stations." According to Appellant, Hollenberg fails to disclose this feature (Req. Reh'g 4). Claim 10 recites that the computer system "selects said traffic information to provide to said mobile user station based on a signal received from said global positioning system receiver."

As previously discussed, Hollenberg discloses a user sending "information requests . . . along with . . . location information" to a service provider and returning "traffic congestion graphical data" in response (*see* e.g., Decision 4, citing Ans. 15-16 and Hollenberg at col. 24, ll. 25-26, 31-34). The "location information" is "derived from timing signals received from the GPS satellite constellation" (*see* e.g., Decision 4 and 6, citing Ans. 23-25 and Hollenberg at col. 18, ll. 32-33). Hence, the service provider selects appropriate traffic information and returns the selected requested traffic information corresponding to the user's location, which is derived from signals received from a GPS receiver (*i.e.*, "appropriate to user's situation"). Appellant has not asserted or demonstrated sufficiently a difference between the Hollenberg system in which a service provider

4

selects (and transmits) requested traffic information "appropriate to" a user's "situation" based on location information (that is based on a signal received from a GPS receiver) and the claim limitation of selecting and providing traffic information based on a signal received from a GPS receiver.

## SUMMARY

Appellant's arguments do not persuade us that the Decision affirming the Examiner's final rejection of claims 10-13 and 21-34 as anticipated by Hollenberg has misapprehended or overlooked any point of fact or law. We therefore deny Appellant's Request.

No time period for taking any subsequent action in connection with this appeal may be extended under 37 C.F.R. § 1.136(a)(1)(iv).

## REHEARING DENIED

alw

Appeal 2013-004302
Reexamination Control 90/011,600
Patent No. 6,466,862 C1

Patent Owner:

Bruce W. DeKock
1600 ODS Tower
601 SW Second Avenue
Portland, OR 97204

Third Party Requester:

Baker & Hostetler LLP
1050 Connecticut Ave., N.W.
Washington DC 20036-53048

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/011,600 | 05/04/2011 | 6466862 | 96583.1501 | 5451 |

7590       05/30/2013

BRUCE W. DEKOCK
1600 ODS TOWER
601 S W SECOND AVENUE
PORTLAND, OR 97204

| EXAMINER |
|---|
| REICHLE, KARIN M |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3992 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 05/30/2013 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

UNITED STATES PATENT AND TRADEMARK OFFICE

———————

BEFORE THE PATENT TRIAL AND APPEAL BOARD

———————

*Ex parte* TRAFFIC INFORMATION, LLC
Appellant and Patent Owner

———————

Appeal 2013-004302
Reexamination Control 90/011,600
Patent 6,466,862 C1
Technology Center 3900

———————

Before HOWARD B. BLANKENSHIP, STEPHEN C. SIU, and
DENISE M. POTHIER, *Administrative Patent Judges*.

SIU, *Administrative Patent Judge*

DECISION ON APPEAL

Patent owner appeals under 35 U.S.C. §§ 134(b) and 306 from a final
rejection of claims 10-13 and 21-34. We have jurisdiction under 35 U.S.C.
§§ 134(b) and 306.

## STATEMENT OF THE CASE

This proceeding arose from a request for an *ex parte* reexamination filed on May 4, 2011 of United States Patent 6,466,862 B1 (the '862 Patent) issued to Bruce W. DeKock, Kevin L. Russell, and Richard J. Qian on October 15, 2002. An earlier reexamination certificate issued on June 7, 2011 (App. Br. 2). Presently, claims 10-13 and 21-34 stand rejected.

Patentee's invention relates to a system for providing traffic information (Abstract). Claim 21 reads as follows:

> 21. A system for providing traffic information to a plurality of mobile users connected to a network, comprising:
> (a) a plurality of mobile user stations, each mobile user station being associated with a display, a global positioning system receiver and a communicating device to allow each of said mobile user stations to send and receive signals;
> (b) a computer system interconnected with another communicating device and a network, said computer system being capable of sending and receiving signals to and from said mobile user stations;
> (c) said computer system including a map database and a traffic information database, said traffic information database containing data representative of traffic at a plurality of locations;
> (d) at least one of said mobile user stations providing a request to said computer system for information together with a respective geographic location of said one of said mobile user stations, and in response thereto, said computer system providing to said one of said mobile user stations information representative of selected portions of said map database and selected portions of said traffic information database based on

2

> said respective geographic location of said one of said mobile
> user stations; and
>     (e) said one of said mobile user stations displaying
> graphically on said display information representative of said
> selected portions of said map database and said selected
> portions of said traffic information database.

(App. Br. 30-31, Claims Appendix).

The Examiner rejects claims 10-13 and 21-34 under 35 U.S.C.
§ 102(e) as anticipated by U.S. Patent No. 6,091,956 ("Hollenberg").


ISSUE

Did the Examiner err in rejecting claims 10-13 and 21-34?


PRINCIPLE OF LAW

In rejecting claims under 35 U.S.C. § 102, "[a] single prior art
reference that discloses, either expressly or inherently, each limitation of a
claim invalidates that claim by anticipation." *Perricone v. Medicis Pharm.
Corp.,* 432 F.3d 1368, 1375 (Fed. Cir. 2005) (citation omitted).


ANALYSIS

*Claims 21-34*

Appellant argues that "the requests contemplated by Hollenberg are
not for traffic information" (App. Br. 10). Claim 21 recites "data
representative of traffic" in a traffic database and displaying portions of the

3

traffic (information) database. We disagree with Appellant for at least the reasons set forth by the Examiner (see e.g., Ans. 9 and 14-19).

For example, Hollenberg discloses "users' communicated . . . requests" (col. 23, l. 16) to a "situation information service provider system" (col. 23, ll. 18-19) that also "receives user device location data" (col. 23, l. 27) used "to determine actual user device location" (col. 23, ll. 29-30). After the user's actual device location is determined, the service provider system transmits to the user's device "graphical vehicular traffic pattern information" that is "appropriate to user's situation" (col. 23, ll. 39-41). Hence, contrary to Appellant's assertion, Hollenberg discloses a request for information and a system providing traffic information (e.g., "graphical vehicular traffic pattern information"), as recited in claim 21.

Appellant argues that Hollenberg fails to disclose "the location transmitted together with a request" (App. Br. 14) or that "information devices . . . provide a request for traffic information to the computer system together with data related to respective geographic location of the . . . device" (App. Br. 15). Claim 21 recites a mobile user station providing a request to the computer system for information together with a respective geographic location of said one of said mobile user stations. We disagree with Appellant for at least the reasons set forth by the Examiner (see e.g., Ans. 14-19 and 23-25).

For example, as discussed above, Hollenberg discloses a user transmitting a request to a service provider system (e.g., the "data system . . .

4

processes users' communicated data and requests for information and services" – col. 23, ll. 16-18). Hollenberg also discloses that the system "receives user device location data" (col. 23, l. 27) and that the user data determines "actual user device location" (col. 23, ll. 29-30). In other words, Hollenberg discloses the system receiving a request together with a respective geographic location of a user as recited in claim 21.

_Claims 10[1]-13_

Appellant argues that "<u>the information and services being requested [in Hollenberg] do not include traffic information</u>" (App. Br. 21) and that "[t]he situation information device [of Hollenberg] sends requests but these requests seek information and services other than traffic information" (App. Br. 23). Claim 1, from which claim 10 depends, recites a request for traffic information from a mobile user station. We disagree with Appellant for at least the reasons set forth by the Examiner (Ans. 25) and for reasons set forth above.

Appellant argues that "Hollenberg's system provides traffic information based on an <u>already known</u> geographic location of the mobile situation information device" rather than being "based on a signal from the global positioning system" (App. Br. 24). Hence, Appellant argues that Hollenberg fails to disclose a request for traffic information that is based on

---

[1] Notably, claim 10 improperly depends from canceled claim 1. For purposes of this opinion, we presume claim 10 is rewritten in independent form.

5

a signal from a global positioning system receiver (App. Br. 27). Claim 10 recites that the system selects traffic information based on a signal received from a global positioning system receiver. We disagree with Appellant for at least the reasons set forth by the Examiner (Ans. 25-42 and 47-49).

For example, as discussed above, Hollenberg discloses a user device providing "user device location data" to a system (*see, e.g.*, col. 23, l. 27). Hollenberg also discloses that a user device (e.g., "vehicle-located mobile situation information devices" – col. 18, ll. 21-22) receives signals from a "GPS satellite constellation" (col. 18, ll. 32-33) to provide "positioning information" (col. 18, l. 34; *see also* col. 18, ll. 34-38). According to Hollenberg, based on such information received from GPS satellites, the device provides, for example, "global coordinates" to the service provider (col. 18, ll. 40-41). Hence, Hollenberg discloses that location data location data sent from the device to the server (e.g., global coordinates) is based on a signal from a global positioning system receiver (e.g., based on signals from a "GPS satellite constellation").

## CONCLUSION

We conclude that the Examiner did not err in rejecting claims 10-13 and 21-34.

DECISION

The decision of the Examiner to reject claims 10-13 and 21-34 is affirmed.

Requests for extensions of time in this *ex parte* reexamination proceeding are governed by 37 C.F.R. § 1.550(c). *See* 37 C.F.R. § 41.50(f).

<u>AFFIRMED</u>

Appeal 2013-004302
Reexamination Control 90/011,600
Patent 6,466,862 C1

Patent Owner:

Bruce W. DeKock
1600 ODS Tower
601 SW Second Avenue
Portland, OR 97204

Third Party Requester:

Baker & Hostetler LLP
1050 Connecticut Ave., N.W.
Washington DC 20036-5304

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 23rd day of June, 2014, I caused this Brief of Appellant to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Nathan K. Kelley
Michael S. Forman
Amy J. Nelson
U.S. PATENT AND TRADEMARK OFFICE
  OFFICE OF THE SOLICITOR
Post Office Box 1450
Mail Stop 8
Alexandria, Virginia  22213
(571) 282-9035

Upon acceptance by the Clerk of the Court of the electronically filed document, the required number of copies of the Brief of Appellant will be hand filed at the Office of the Clerk, United States Court of Appeals for the Federal Circuit in accordance with the Federal Circuit Rules.

/s/ Kevin L. Russell
*Counsel for Appellant*

# CERTIFICATE OF COMPLIANCE

1.	This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

	[ X ] this brief contains [*6,276*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

	[     ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.	This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

	[ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2007*] in [*14pt Times New Roman*]; *or*

	[     ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].


Dated: June 23, 2014			/s/ Kevin L. Russell
						*Counsel for Appellant*